VICENTE TRELLES ET AL., Plaintiffs and Appellants, v. MARCIAL SUÁREZ, Defendant and Appellee.

No. 6896. Argued December 6, 1935.—Decided February 5, 1936.

*Monserrat & Monserrat* for appellants. *Cayetano Coll Cuchí, Víctor A. Coll,* and *G. Cruzado Silva* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Vicente Trelles, Paz Alvarez Suárez, and B. Fernández Hnos., Succrs., the latter in its own right and on behalf of

the other creditors of the mercantile firm of Fernández & Co., in liquidation, brought an action against Marcial Suárez to recover $25,000 as damages, alleged to have been suffered by the former in consequence of the breach of a contract that they had entered into with defendant Marcial Suárez.

According to the contract which forms the basis of the complaint, Marcial Suárez agreed to buy a credit of Fernández & Co., against the estate of Herminio Suárez, amounting to $13,159.50 with interest thereon at the legal rate; another credit of Vicente Trelles against said estate of Herminio Suárez, amounting to $16,484.58, together with accrued and unpaid interest thereon; and the share, rights, and interests owned by Paz Alvarez Suárez as heir of her deceased mother, Justa Suárez and Suárez. For the two credits above mentioned and share of the said estate Marcial Suárez agreed to pay the sum of $25,000 thus: $4,000 upon the signing of the contract before a notary, and the balance in three annual installments of $7,000 each, with interest thereon at the rate of five per cent per annum. As security for such payments, Mr. Suárez offered to constitute a first mortgage on a piece of property known as "Herrera."

It was agreed that the contract would be embodied in a notarial deed within four months from the date on which it was entered. In said contract Félix Suárez Pérez appeared as attorney in fact representing Vicente Trelles and Paz Alvarez Suárez. Cecilio Morán appeared as liquidator, and on behalf of the creditors, of the firm of Fernández & Co. Félix Suárez Pérez reserved the right to submit the agreement to his principals for their approval and ratification.

The district court rendered judgment for the defendant with costs. Among other grounds for its decision, the lower court held that the plaintiffs had not proved that they had suffered any damage, and that this was an essential requisite for the rendition of a judgment in their favor.

■■ The plaintiffs assigned that holding as error. They maintain that, in accordance with sections 1053 and 1061

of the Civil Code (1930 ed.), the defendant was bound by operation of law to pay a certain sum as damages, upon proof of the fact of nonperformance of the contract and of the defendant's default in fulfilling his obligation.

Section 1053 says:

"Persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfilment of their obligation, judicially or extrajudicially.

"However, the demand of the creditor, in order that default may exist, shall not be necessary:

"1. If the obligation or law declares it expressly.

"2. If by reason of its nature and circumstances it may appear that the fixing of the period within which the thing was to be delivered or the service rendered was a determinate cause to constitute the obligation.

"In mutual obligations none of the persons bound shall incur default if the other does not fulfill or does not submit to properly fulfill what is incumbent upon him. From the time one of the persons obligated fulfills his obligation the default begins for the other party."

Section 1061 says:

"Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.

"Until another rate is fixed by the Government, interest at the rate of six per cent per annum shall be considered as legal."

We doubt very much whether the latter section could be applied to the instant case. Plaintiffs are not seeking to enforce the contract by claiming the purchase price, the principal amount involved, together with interest thereon, a subsidiary element, from the date on which in their opinion the defendant was in default; but on the contrary, they seek to recover damages based on the nonperformance of said contract, as was alleged in their complaint and stated in their brief, and as was insistently maintained by their attorneys

during the trial when answering objections raised by the attorneys for the defendant to the admission of certain evidence. On that occasion plaintiffs' attorneys said:

"But we are not concerned here with the performance of a contract. On the contrary, this is an action based on the breach of a contract by the defendant and we are claiming the damages to which we are lawfully entitled.

"If this were an action for the enforcement of a contract, them my colleague would be right. But it is otherwise. This is an action for damages based upon the nonperformance of a contract."

The plaintiffs have not conveyed the credits or the real property rights which were the object of the sale contract. They assert, however, that they have always been ready to perform this obligation; but they do not seek the specific performance of the contract binding them to deliver the properties sold, and on the contrary they allege as a ground for their claim the failure of the defendant to perform, which releases them from making such delivery. It does not seem just that the plaintiffs should use and enjoy said properties, which include the share or undivided interest in an immovable inherited by Paz Alvarez Suárez, while receiving at the same time a sum which they claim is owed to them but which they do not seek to recover confining themselves to a claim for interest as damages.

In commenting on the provisions of section 1053 of the Civil Code, Manresa says:

"The last paragraph of this section, in conformity with the spirit of the former law, leaves no doubt either as to its scope or as to its application, since it is based (for the purpose of admitting the mutuality of default which it establishes) upon the intimate interrelation that exists between reciprocal or bilateral obligations, wherein the fulfillment of either must generally carry with it the fulfillment of the other as an implied condition, similarly as they must be mutual in order that they may have any existence. We say 'generally' because in many cases different dates may be fixed for the fulfillment of each reciprocal obligation and in such cases, which rest on the freedom of the contracting parties, the

default in the obligation which should be fulfilled first will not be determined under the last paragraph of section 1100 but under the rules and exceptions set forth in the preceding paragraph." 8 Manresa, 60, 61.

"The last paragraph of the preceding section which relates to reciprocal obligations, has also been interpreted and applied in some of the decisions of the Supreme Court. In its decision of February 15, 1905, said Court declared that although it is a principle of law that interest is allowed only on the ground of a contract or upon a default where the law does not expressly provide therefor, and that generally there is default from the moment the demand is made giving rise to the liability in damages, it is also a principle accepted by the jurisprudence, derived from the 5th law, title 4, Book V of the *Fuero Juzgo*, that it is not just for one of the parties to have the enjoyment of the thing received and also that of the thing which he must deliver, for which reason a purchaser who has failed to pay the purchase price after receiving the thing sold, must pay interest after maturity (*intereses de mora*), a principle of justice on which the last paragraph of section 1100 of the Civil Code is also based." *Id.*, 62, 63.

The doctrine laid down by the Supreme Court of Spain affords us a standard by which to interpret the true meaning of section 1053 in connection with section 1061. If it would not be just for the purchaser to profit by the thing received and also by that which he is bound to deliver, it would not be just either for the vendor to profit by the thing sold and by the interest on any amount which the purchaser might be bound to pay to him. Were the vendor permitted to have the enjoyment of both things, he would be unjustly enriching himself at the expense of the purchaser.

In *Ortiz* v. *Alvarado*, 27 P.R.R. 266, a contract was entered into for the loan of the sum of $3,500 for six years, with interest thereon at 10 per cent per annum payable in advance. The debtor agreed to secure the obligation by a mortgage and to execute the corresponding deed before a notary, which he failed to do. An action to recover damages for breach of the contract was brought against him, said damages being predicated on the failure of the vendor to receive in

advance the stipulated interest and upon the loss of an opportunity to invest the funds in question during the time that he maintained his offer pursuant to the contract entered into. The district court rendered judgment in favor of the plaintiff for $350 as interest for one year which he had failed to receive in advance in accordance with the contract. This court, in view of the fact that it was true that the money had been for 11 days in the possession of a brother of the plaintiff to be delivered to the defendant when the deed was signed, modified the judgment of the lower court and allowed $10.54 as damages for the interest accrued during said 11 days. In decreeing such modification, the court said:

"And it does not matter that the defendant was bound to pay to the plaintiff the yearly interest of $350.00 in advance, for that obligation was contingent upon the delivery of the $3,500, which he never received."

In the above-cited case, the plaintiff claimed the only thing he was entitled to claim: the stipulated interest during the period in which the money was at the disposal of the defendant without yielding any returns. This court regarded the obligation to pay interest as contingent upon the delivery of the amount offered as a loan. The reason why it allowed a small sum to the plaintiff was because it considered the money as having been delivered from the moment the same was placed at the disposal of the defendant.

The plaintiffs have not parted with the property which is in their possession, nor can it be said that they intend to deliver it, as they do not demand the performance of the contract which would compel them to make delivery, but they seek to recover the damages resulting from the failure of the defendant to perform his part of the contract. Nor has it been shown that the property was placed by them at the disposal of the purchaser although they say that they were always ready to fulfil their obligation and wrote to the purchaser informing him that they stood ready to execute the

542

deed. The interest provided for by section 1061 of the Civil Code constitutes a special form of compensation, which the plaintiffs can not recover in the instant case for the reasons that we have already stated. And it is on the provisions of said section 1061 that the plaintiffs exclusively rely for their cause of action, since they have refrained from introducing any evidence to prove that they have suffered damages. It is on the lack of such evidence that the lower court based its finding that no specific evidence as to the damage has been produced.

In our judgment, if the plaintiffs sustained the damages, they should have proved them and should not have relied solely on a legal provision which turns out to be inapplicable. Where the vendor continues in the use and enjoyment of the thing sold and the purchaser retains the money he is under obligation to deliver, there is no basis to determine the extent of the damages which may exist or not according to the circumstances of the case.

The defendant has also set up other defenses which we do not deem it necessary to consider in view of the conclusions that we have reached in this opinion. As to the pronouncement of costs, we shall not disturb the action taken by the lower court in the exercise of its discretionary powers.

The judgment appealed from must be affirmed.